FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

12 OCT 23 PM 1:0

HEATHER TUEBNER, individually,

    Plaintiff,

v.

8:12-cv-2399 T 26 TBM

GILA, LLC, a foreign limited liability company,
(doing business as "Municipal Services Bureau"),

    Defendant.

_____/

## COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 *et seq.*, THE FAIR DEBT COLLECTION PRACTICES ACT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") as well as the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). Simply put, in its efforts to collect a consumer debt from Plaintiff, Defendant disclosed said debt to a third party, her employer, causing Plaintiff great distress and personal embarrassment.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.



## PARTIES

3. Plaintiff, HEATHER TUEBNER, is a natural person, and a citizen of the State of Florida, residing Marion County, Florida.

4. Defendant, GILA, LLC ("Defendant"), is a licensed consumer collection agency per Fla. Stat. § 559.553, operating from offices located at 8325 Tuscany Way, Building 4, Austin, TX 78754. Defendant is a foreign limited liability company operating under the name "Municipal Services Bureau."

5. Defendant regularly uses the telephone and written correspondence in a business, the principal purpose of which is the collection of consumer debts.

6. According to Defendant's website, it serves as a collection, payment processing and call center for governmental entities nationwide. Source: http://www.muniserv.com/ (last accessed October 21, 2012).

7. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

8. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

*(a) Abusive practices*
There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

*(b) Inadequacy of laws*
Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect an alleged consumer debt from Plaintiff; upon information and belief, the subject debt concerned Plaintiff's utility bill to the City of Williston.

10. Within the past year, the Defendant has sent numerous correspondences in care of the Plaintiff's place of business in an attempt to collect her personal debt, erroneously stating her employer, Trippe Realty, as the debtor.

11. Plaintiff has contacted the Defendant asking that they clarify their documentation to reflect the bill as a personal bill, remove her employer's name from all documentation and to cease sending correspondence to her place of business.

12. Plaintiff has contacted the Defendant on multiple occasions in an attempt to rectify this error to no avail.

13. On or about August 27, 2012, the Plaintiff's employer sent an e-mail notifying her that the company was still receiving bills and questioning the Plaintiff as to why the company was still receiving her personal bills in the company's name.

14. Plaintiff fears continued embarrassment in her workplace of business and has suffered emotional distress related to the disclosure of her debt to her employer.

## COUNT I
## COMMUNICATION OF DEBT TO A THIRD PARTY
## IN VIOLATION OF 15 U.S.C. § 1692d AND 15 U.S.C §1692c(b)

15. Plaintiff incorporates Paragraphs 1 through 14.

16. Defendant communicated Plaintiff's alleged debt to a third party in violation of 15 U.S.C. § 1692d and 15 U.S.C. § 1692c(b). The aforesaid violation caused Plaintiff personal embarrassment and much emotional distress.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages, both statutory and actual;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

c.   Such other or further relief as the Court deems proper.

## COUNT I
## STATUTORY DAMAGES, ACTUAL DAMAGES, DECLARATORY RELIEF AND PERMANENT INJUNCTION PURSUANT TO FCCPA

17.   Plaintiff incorporates Paragraphs 1 through 14.

18.   Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA, specifically, Fla. Stat. § 559.72(4), which states that it is unlawful to: *[c]ommunicate or threaten to communicate with a debtor's employer before obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection. However, this does not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained.*

19.   The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

20.   Plaintiff seeks both injunctive relief and equitable relief in accordance with her rights under state law.

WHEREFORE, Plaintiff requests that the Court enter judgment:

a. Declaring that Defendant has violated the FCCPA;

b. Permanently enjoining Defendant from communicating the alleged debt to her employer;

c. Statutory damages of $1,000.00 dollars pursuant to Fla. Stat. § 559.77(2);

d. Actual Damages, for emotional distress, harassment, and fees incurred prior to suit;

e. Attorney's fees, litigation expenses and costs of the instant suit; and

f. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: October 22, 2012.

                Respectfully submitted,

                SCOTT D. OWENS, ESQ.
                *Attorney for Plaintiff*
                664 E. Hallandale Beach Blvd.
                Hallandale, FL 33009
                Tel: 954-589-0588
                Fax: 954-337-0666
                scott@scottdowens.com

By: /s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651